IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CHARLENS THEOPHILE on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRKULJA HOLDINGS, INC., DM EXPRESS, INC., MILORAD TRKULJA and DEJANA TRKULJA,<br><br>Defendants. | ) | Class & Collective Action<br><br><br><br>CAUSE NO. 2:25-cv-391 |

## COMPLAINT FOR DAMAGES

Plaintiff, Charlens Theophile, for his Complaint against Defendants, Trikulja Holdings, Inc., DM Express, Inc., Milorad Trkulja and Dejana Trkulja, and states the following:

### I. Parties

1. Plaintiff is a resident of Lantana, Florida.

2. Trkulja Holdings, Inc. ("TH") is an incorporated entity located in Saint John, Indiana.

3. DM Express, Inc. ("DM") is an incorporated entity located in Gary, Indiana.

4. DM is a subsidiary of TH.

5. Milorad Trkulja is a shareholder of TH.

6. Mr. Trkulja is the CEO of TH.

7. Mr. Trkulja assists in managing DM.

8. Mr. Trkulja assists in determining the compensation of DM's truck drivers.

9. Mr. Trkulja assists in determining when and what wages are paid to DM's truck drivers.

10. Dejana Trkulja is the President of DM.

11. Mrs. Trkulja assists in managing DM.

12. Mrs. Trkulja assists in determining the compensation of DM's truck drivers.

13. Mrs. Trkulja assists in determining when and what wages are paid to DM's truck drivers.

## II. Jurisdiction and Venue

14. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under the FLSA.

15. This court has jurisdiction to hear these state claims pursuant to the court's supplemental jurisdiction under 28 U.S.C. §1367.

16. Venue in the Northern District of Indiana, Hammond Division, is appropriate by virtue Defendants doing business in this District.

## III. Class and Collective Action Allegations

17. Plaintiff brings this case as a collective action pursuant to 29 U.S.C. §216(b) on behalf of a class consisting of all similarly situated persons who are or were employed as truck drivers by Mr. Trkulja and Mrs. Trkulja ("the Collective Action").

18. Plaintiff brings this case as a class action pursuant to Rule 23(B)(3) on behalf of a class consisting of all similarly situated persons who are or were employed as truck drivers by Mr. and Mrs. Trkulja ("the Class").

19. The members of the Class and Collective Action were not paid at least minimum wages for all hours performing work for Defendants.

20. The members of the Class and Collective Action were not paid their wages in a timely fashion.

21. The members of the Class Action were not paid their wages in the correct amount.

22. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class or collective action. The names, e-mail addresses, home addresses, and relevant documentation of members of the Class and Collective Action should be in the business records of Defendants. Notice may be provided to members of the Class and Collective Action or their personal representatives via first class mail, e-mail, and/or text using techniques and a form of notice similar to those customarily used in class and collective actions.

## IV. Factual Allegations

23. Plaintiff was an employee of TH.

24. Plaintiff was an employee of DM.

25. Plaintiff was an employee of Milorad Trkulja.

26. Plaintiff was an employee of Dejana Trkulja.

27. Plaintiff began working for Defendants on September 7, 2023.

28. Defendants agreed to pay Plaintiff on a per mile basis.

29. Defendants agreed to pay Plaintiff at $0.60 per mile.

30. Defendants failed to pay Plaintiff at least minimum wages for all hours that he worked for them.

31. Defendants failed to pay Plaintiff his agreed upon compensation for all miles driven.

32. Defendants did not have a good faith basis for failing to pay Plaintiff at least minimum wages for all hours worked.

33. Defendants did not have a good faith basis for failing to pay Plaintiff his earned wages in the correct amount.

34. Plaintiff quit his employment with Defendants on September 19, 2023.

35. To date, Plaintiff has not been paid any wages for the work he performed for Defendants.

## V. Cause of Action

### Count I – Collective Action<br>Failure to Properly Pay Minimum Wages<br>Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.*

36. Plaintiff incorporates paragraphs 1 through 35 by reference herein.

37. Plaintiff was an employee of TH pursuant to the FLSA.

38. TH had gross revenues of at least $500,000.00 for the 2021 calendar year.

39. TH had gross revenues of at least $500,000.00 for the 2022 calendar year.

40. TH had gross revenues of at least $500,000.00 for the 2023 calendar year.

41. TH had gross revenues of at least $500,000.00 for the 2024 calendar year.

42. Plaintiff was an employee of DM pursuant to the FLSA.

43. DM had gross revenues of at least $500,000.00 for the 2021 calendar year.

44. DM had gross revenues of at least $500,000.00 for the 2022 calendar year.

45. DM had gross revenues of at least $500,000.00 for the 2023 calendar year.

46. DM had gross revenues of at least $500,000.00 for the 2024 calendar year.

47. Plaintiff was an employee of Milorad Trkulja pursuant to the FLSA.

48. Milorad Trkulja is an employer pursuant to the FLSA.

49. Milorad Trkulja made the decision, or was part of the decision, to not pay at least minimum wages to Plaintiff and the members of the Collective Action.

50. Plaintiff was an employee of Dejana Trkulja pursuant to the FLSA.

51. Dejana Trkulja is an employer pursuant to the FLSA.

52. Dejana Trkulja made the decision, or was part of the decision, to not pay at least minimum wages to Plaintiff and the members of the Collective Action.

53. Defendants' violations of the FLSA have damaged Plaintiff and the members of the Collective Action.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and the members of the Collective Action and against Defendants in an amount to compensate Plaintiff and the members of the Collective Action, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

**Count II – Class Action**
**Wage Payment Statute, I.C. §22-2-9 *et. seq.***

54. Plaintiff incorporates paragraphs 1 through 53 by reference herein.

55. TH is an employer pursuant to the Wage Payment Statute.

56. DM is an employer pursuant to the Wage Payment Statute.

57. Milorad Trkulja is an employer pursuant to the Wage Payment Statute.

58. Dejana Trkulja is an employer pursuant to the Wage Payment Statute.

59. Defendants failed to pay Plaintiff and the members of the Class their wages due and owing in the correct amount.

60. Plaintiff and the members of the Class have been damaged by the violations of the Wage Payment Statute by Defendants.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and the members of the Class against Defendants for wages owed, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

**Count III – Individual Action**
**Failure to Properly Pay Minimum Wages**
**Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.***

61. Plaintiff incorporates paragraphs 1 through 60 by reference herein.

62. Defendants failed to pay Plaintiff his minimum wages due and owing in the correct amount.

63. Defendants' violations of the FLSA have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendants in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

**Count IV – Individual Action**
**Wage Payment Statute, I.C. §22-2-9 *et. seq.***

64. Plaintiff incorporates paragraphs 1 through 63 by reference herein.

65. Defendants failed to pay Plaintiff his wages due and owing in the correct amount.

66. Plaintiff has been damaged by the violations of the Wage Payment Statute by Defendants.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff against Defendants for wages owed, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## IV. Jury Demand

67. Plaintiff incorporates paragraphs 1 through 66 by reference herein.

68. Plaintiff demands a trial by jury.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49
Proposed Class & Collective Action Counsel

Weldy Law
11268 Governors Lane
Fishers, IN 46037
Tel: (317) 289-0483
Fax (317) 288-4013
E-mail: rweldy@weldylegal.com